IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-63-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TREMELL RASHAUD MCKINNEY, ) | |
| ) | |
| Defendant. ) | |

On September 7, 2010, pursuant to a written plea agreement, Tremell Rashaud McKinney ("McKinney") pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 21, 22]. On June 9, 2011, the court held McKinney's sentencing hearing. See [D.E. 40, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated McKinney's total offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 months' to life imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McKinney to 288 months' imprisonment. See id.; [D.E. 40, 41]. McKinney did not appeal.

On February 9, 2016, McKinney moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 48]. McKinney's new advisory guideline range is 292 to 365 months' imprisonment, based on a total offense level of 38 and a criminal history category of III. See Resentencing Report. McKinney requests a 234-month sentence. See id.; [D.E. 48].

The court has discretion under Amendment 782 to reduce McKinney's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McKinney's sentence, the court finds that McKinney engaged in serious criminal behavior over a long period of time involving a large quantity of illegal narcotics, violent gang activity, and firearms. See PSR ¶¶ 8–15. Moreover, McKinney is a recidivist and has convictions for possession of cocaine and possession of marijuana. See PSR ¶¶ 18–21. McKinney also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 19, 23, 38–41. Nonetheless, McKinney has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that McKinney received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing McKinney's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies McKinney's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES McKinney's motion for reduction of sentence [D.E. 48], and DENIES McKinney's motion to obtain documents without charge [D.E. 53].

SO ORDERED. This 31 day of July 2018.

*James C. Dever*
JAMES C. DEVER III
Chief United States District Judge